UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MELVIN JOHNSON and DARRON MARCELLE,  :
:
                         Plaintiffs,  :                    12CV7956
:
      - against -   :                   COMPLAINT AND
:                 DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, VIRGILIO  :
ESTRADA, "JOHN DOE" #1 and "JOHN DOE"   :                 ECF CASE
# 2, Individually and in Their Official Capacities,  :
:
                        Defendants  :
------------------------------------------------------------------x

        Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the defendants, allege:

**NATURE OF THE ACTION**

        1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Melvin Johnson and Darron Marcelle by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

        2. Plaintiffs Melvin Johnson and Darron Marcelle are citizens of the Untied States who were present at Longwood Avenue and Fox Street, Bronx, New York, on November 10, 2011, when New York City police officer Virgilio Estrada and three other New York City police officers arrested them on a false criminal charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana, searched and handcuffed them, transported them to the 41st Precinct, where they were again searched and imprisoned, and subsequently transported the plaintiffs to Bronx Central Booking, where they continued to be imprisoned until their arraignment on November 11, 2011, when they were released in their own recognizance, and prosecuted the

plaintiffs on false criminal charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana. The arrests and prosecution of plaintiffs Melvin Johnson and Darron Marcelle were the result of a policy and practice adopted by defendant The City of New York to arrest individuals for possession of controlled substances without probable cause to support the arrests. The false charges against plaintiffs Melvin Johnson and Darron Marcelle were dismissed on January 24, 2012.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Virgilio Estrada can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Melvin Johnson is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Plaintiff Darron Marcelle is a citizen of the United States who resides in the County

of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Virgilio Estrada is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Virgilio Estrada was acting within the scope of his employment by defendant The City of New York.

11. Defendant "John Doe" #1 is natural persons who, at all times relevant to this action, were employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant "John Doe" #1 was acting within the scope of his employment by defendant The City of New York.

13. Defendant "John Doe" #2 is natural persons who, at all times relevant to this action, were employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant "John Doe" #2 was acting within the scope of his employment by defendant The City of New York.

## NOTICES OF CLAIM

15. On February 8, 2012, and within 90 days of the accrual of his causes of action herein, plaintiff Melvin Johnson served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

16. On February 8, 2012, and within 90 days of the accrual of his causes of action herein, plaintiff Darron Marcelle served on the Comptroller of the City of New York a Notice of Claim

setting forth the time when, the place where and the manner in which his claims arose.

17. More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

18. Plaintiffs incorporate by reference paragraphs 1 through 17 of this complaint as though the same were set forth fully herein.

19. On November 10, 2011, plaintiff Melvin Johnson was seated in the front passenger seat and Darron Marcelle was seated in the driver's seat of a motor vehicle at the corner of Fox Street and Longwood Avenue, Bronx, New York.

20. On November 10, 2012, an individual named Eric Wade was seated in a rear passenger seat of the same vehicle.

21. On November 10, 2011, as plaintiffs Melvin Johnson and Darron Marcelle, and Eric Wade, were seated in the above described vehicle, defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 approached the vehicle with guns drawn.

22. One of the individual defendants pulled plaintiff Melvin Johnson out of the vehicle, subjected him to a pat-down search, and handcuffed his wrists.

23. One of the individual defendants pulled plaintiff Darron Marcelle from the vehicle, subjected him to a pat-down search and handcuffed him.

24. After removing Eric Wade from the vehicle, one of the individual defendants found two small bags of marijuana in one of Eric Wade's pockets.

25. Defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 then arrested Eric Wade and plaintiffs Melvin Johnson and Darron Marcelle on charges of Criminal Possession of

Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

26. Plaintiff Melvin Johnson was not in possession of any marijuana.

27. Defendant Darron Marcelle was not in possession of any marijuana.

28. Defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 did not have a warrant authorizing the arrest of plaintiff Melvin Johnson.

29. Defendants Virgilio Estrada, "John Doe' #1 and "John Doe" #2 did not have a warrant authorizing the arrest of plaintiff Darron Marcelle.

30. Defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 then transported plaintiffs Melvin Johnson and Darron Marcelle to the 41st Precinct.

31. At the 41st Precinct, plaintiff Melvin Johnson was again subjected to a pat-down search.

32. At the 41st Precinct, plaintiff Darron Marcelle was again subjected to a pat-down search.

33. Plaintiffs Melvin Johnson and Darron Marcelle were imprisoned in the 41st Precinct for a period of time.

34. Plaintiffs Melvin Johnson and Darron Marcelle subsequently were transported to Bronx Central Booking, where they were imprisoned until their arraignment the night of November 11, 2012.

35. On information and belief, on November 11, 2011, defendant Virgilio Estrada falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Darron Marcelle had engaged in a brief conversation with an unapprehended individual and had exchanged with that individual a sum of money for two small zip lock bags, and that he observed two small zip lock bags of marijuana on the center console of the vehicle in which the plaintiffs had

been seated.

36. On November 11, 2011, defendant Virgilio Estrada instituted a criminal proceeding against plaintiffs Melvin Johnson and Darron Marcelle, under the name Parron Marcelle, in Bronx Supreme Court, Criminal Division, accusing the plaintiffs of the crime of Criminal Possession of Marijuana in the Fifth Degree and the violation of Unlawful Possession of Marijuana.

37. On November 11, 2011, plaintiffs Melvin Johnson and Darron Marcelle were arraigned before a judge of Bronx Supreme Court, Criminal Division, and were released on their own recognizance.

38. On January 24, 2012, the criminal charges brought by defendant Virgilio Estrada against plaintiff Melvin Johnson and Darron Marcelle were dismissed.

## COUNT ONE ON BEHALF OF MELVIN JOHNSON
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

39. Plaintiffs incorporate by reference paragraphs 1 through 38 of this complaint as though the same were set forth fully herein.

40. The seizure, detention, arrest, and imprisonment of plaintiff Melvin Johnson by defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

41. The seizure, detention, arrest, and imprisonment of plaintiff Melvin Johnson were made without probable cause to believe that he had committed a crime or offense.

42. The charges upon which defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 arrested plaintiff Melvin Johnson were false.

43. The charges were made by defendants Virgilio Estrada, "John Doe' #1 and "John Doe" #2 against plaintiff Melvin Johnson with knowledge that they were false.

44. Plaintiff Melvin Johnson was aware of his seizure, detention, arrest and imprisonment by defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2.

45. Plaintiff Melvin Johnson did not consent to his seizure, detention, arrest or imprisonment.

46. As a result of the foregoing, plaintiff Melvin Johnson was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

47. The seizure, detention, arrest and imprisonment of plaintiff Melvin Johnson deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

48. Defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Melvin Johnson.

49. Defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 deprived plaintiff Melvin Johnson of his rights to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Melvin Johnson on false criminal charges.

### COUNT TWO ON BEHALF OF MELVIN JOHNSON
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

50. Plaintiffs incorporate by reference paragraphs 1 through 49 of this Complaint as though the same were set forth fully herein.

51. The criminal charges brought by defendant Virgilio Estrada against plaintiff Melvin Johnson in Bronx Supreme Court, Criminal Division, were false.

52. Defendant Virgilio Estrada instituted the criminal proceeding against plaintiff Melvin Johnson without probable cause to believe that plaintiff Melvin Johnson committed the crime and offense charged.

53. Defendant Virgilio Estrada instituted the criminal proceeding against plaintiff Melvin Johnson with knowledge that the charges were false.

54. Defendant Virgilio Estrada was acting with malice when he commenced the criminal proceeding against plaintiff Melvin Johnson.

55. The criminal proceeding instituted by defendant Virgilio Estrada against plaintiff Melvin Johnson was terminated in plaintiff Melvin Johnson's favor.

56. Defendant Virgilio Estrada was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Darron Marcelle had engaged in a brief conversation with an unapprehended individual and had exchanged with that individual a sum of money for two small zip lock bags, and that he observed two small zip lock bags of marijuana on the center console of the vehicle in which the plaintiffs had been seated.

57. Defendant Virgilio Estrada was acting under color of state law when he commenced a criminal proceeding against plaintiff Melvin Johnson in Bronx Supreme Court, Criminal Division.

58. Defendant Virgilio Estrada deprived plaintiff Melvin Johnson of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of

state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Melvin Johnson on false criminal charges.

## COUNT THREE ON BEHALF OF MELVIN JOHNSON
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

59. Plaintiffs incorporate by reference paragraphs 1 through 58 of this Complaint as though the same were set forth fully herein.

60. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

62. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

63. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist;

(d) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(e) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

64. The arrest, imprisonment, and prosecution of plaintiff Melvin Johnson on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

65. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

66. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

67. Defendant The City of New York deprived plaintiff Melvin Johnson of his rights to be free of unreasonable searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT FOUR ON BEHALF OF MELVIN JOHNSON
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

68. Plaintiffs incorporate by reference paragraphs 1 through 67 of this Complaint as though the same were set forth fully herein.

69. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

70. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

71. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

72. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

73. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Melvin Johnson would be violated.

74. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard

for the civil rights of individuals, and more particularly, the civil rights of plaintiff Melvin Johnson.

75. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

76. Defendant The City of New York deprived plaintiff Melvin Johnson of his rights to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT FIVE ON BEHALF OF MELVIN JOHNSON
### COMMON LAW ASSAULT AND BATTERY

77. Plaintiffs incorporate by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78. Defendants Virgilio Estrada, "John Doe" #1, "John Doe" #2 and the City of New York committed an assault and battery on the person of plaintiff Melvin Johnson in the course of pulling him out of a vehicle, subjecting him to a pat-down search, and handcuffing him.

79. As a result of the foregoing, plaintiff Melvin Johnson experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT SIX ON BEHALF OF MELVIN JOHNSON
### COMMON LAW ASSAULT AND BATTERY

80. Plaintiffs incorporate by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. Defendants Virgilio Estrada, "John Doe" #1, "John Doe" #2 and the City of New York committed an assault and battery on the person of plaintiff Melvin Johnson in the course of subjecting him to a pat-down search at the 41st Precinct.

82. As a result of the foregoing, plaintiff Melvin Johnson experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT SEVEN ON BEHALF OF MELVIN JOHNSON
### COMMON LAW FALSE IMPRISONMENT

83. Plaintiffs incorporate by reference paragraphs 1 through 82 of this Complaint as though the same were set forth fully herein.

84. Defendants Virgilio Estrada, "John Doe" #1, "John Doe" #2 and The City of New York falsely imprisoned plaintiff Melvin Johnson by seizing, detaining, arresting and imprisoning him on false criminal charges.

85. As a result of the foregoing, plaintiff Melvin Johnson was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

### COUNT EIGHT ON BEHALF OF MELVIN JOHNSON
### COMMON LAW MALICIOUS PROSECUTION

86. Plaintiffs incorporate by reference paragraphs 1 through 85 of this Complaint as though the same were set forth fully herein.

87. Defendants Virgilio Estrada and The City of New York maliciously prosecuted plaintiff Melvin Johnson on false criminal charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

88. As a result of the criminal proceeding instituted by defendants Virgilio Estrada and The City of New York, plaintiff Melvin Johnson was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT NINE ON BEHALF OF DARRON MARCELLE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

89. Plaintiffs incorporate by reference paragraphs 1 through 88 of this complaint as though the same were set forth fully herein.

90. The seizure, detention, arrest, and imprisonment of plaintiff Darron Marcelle by defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

91. The seizure, detention, arrest, and imprisonment of plaintiff Darron Marcelle were made without probable cause to believe that he had committed a crime or offense.

92. The charges upon which defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 arrested plaintiff Darron Marcelle were false.

93. The charge were made by defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 against plaintiff Darron Marcelle with knowledge that they were false.

94. Plaintiff Darron Marcelle was aware of his seizure, detention, arrest and imprisonment by defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2.

95. Plaintiff Darron Marcelle did not consent to his seizure, detention, arrest or imprisonment.

96. As a result of the foregoing, plaintiff Darron Marcelle was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

97. The seizure, detention, arrest and imprisonment of plaintiff Darron Marcelle deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of

his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

98. Defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Darron Marcelle.

99. Defendants Virgilio Estrada, "John Doe" #1 and "John Doe" #2 deprived plaintiff Darron Marcelle of his rights to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Darron Marcelle on false criminal charges.

## COUNT TEN ON BEHALF OF DARRON MARCELLE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

100. Plaintiffs incorporate by reference paragraphs 1 through 99 of this Complaint as though the same were set forth fully herein.

101. The criminal charges brought by defendant Virgilio Estrada against plaintiff Darron Marcelle in Bronx Supreme Court, Criminal Division, was false.

102. Defendant Virgilio Estrada instituted the criminal proceeding against plaintiff Darron Marcelle without probable cause to believe that plaintiff Darron Marcelle committed the crime and offenses charged.

103. Defendant Virgilio Estrada instituted the criminal proceeding against plaintiff Darron Marcelle with knowledge that the charges were false.

104. Defendant Virgilio Estrada was acting with malice when he commenced the criminal proceeding against plaintiff Darron Marcelle.

105. The criminal proceeding instituted by defendant Virgilio Estrada against plaintiff Darron Marcelle was terminated in plaintiff Darron Marcelle's favor.

106. Defendant Virgilio Estrada was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Darron Marcelle had engaged in a brief conversation with an unapprehended individual and had exchanged with that individual a sum of money for two small zip lock bags, and that he observed two small zip lock bags of marijuana on the center console of the vehicle in which the plaintiffs had been seated

107. Defendant Virgilio Estrada was acting under color of state law when he commenced a criminal proceeding against plaintiff Darron Marcelle in Bronx Supreme Court, Criminal Division.

108. Defendant Virgilio Estrada deprived plaintiff Darron Marcelle of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Darron Marcelle on false criminal charges.

### COUNT ELEVEN ON BEHALF OF DARRON MARCELLE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

109. Plaintiffs incorporate by reference paragraphs 1 through 108 of this Complaint as though the same were set forth fully herein.

110. The arrest, imprisonment, and prosecution of plaintiff Darron Marcelle on false criminal charges resulted from the failure of defendant The City of New York properly to train,

supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

111. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

112. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

113. Defendant The City of New York deprived plaintiff Darron Marcelle of his rights to be free of unreasonable searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

### COUNT TWELVE ON BEHALF OF DARRON MARCELLE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

114. Plaintiffs incorporate by reference paragraphs 1 through 113 of this Complaint as though the same were set forth fully herein.

115. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

116. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Darron Marcelle

would be violated.

117. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Darron Marcelle.

118. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

119. Defendant The City of New York deprived plaintiff Darron Marcelle of his rights to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT THIRTEEN ON BEHALF OF DARRON MARCELLE
### COMMON LAW ASSAULT AND BATTERY

120. Plaintiffs incorporate by reference paragraphs 1 through 119 of this Complaint as though the same were set forth fully herein.

121. Defendants Virgilio Estrada, "John Doe" #1, "John Doe" #2 and the City of New York committed an assault and battery on the person of plaintiff Darron Marcelle in the course of pulling him out of a vehicle, subjecting him to a pat-down search, and handcuffing him.

122. As a result of the foregoing, plaintiff Darron Marcelle experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT FOURTEEN ON BEHALF OF DARRON MARCELLE
### COMMON LAW ASSAULT AND BATTERY

123. Plaintiffs incorporate by reference paragraphs 1 through 122 of this Complaint as though the same were set forth fully herein.

124. Defendants Virgilio Estrada, "John Doe" #1, "John Doe" #2 and the City of New York committed an assault and battery on the person of plaintiff Darron Marcelle in the course of subjecting him to a pat-down search at the 41st Precinct.

125. As a result of the foregoing, plaintiff Darron Marcelle experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT FIFTEEN ON BEHALF OF DARRON MARCELLE
### COMMON LAW FALSE IMPRISONMENT

126. Plaintiffs incorporate by reference paragraphs 1 through 125 of this Complaint as though the same were set forth fully herein.

127. Defendants Virgilio Estrada, "John Doe" #1, "John Doe" #2 and The City of New York falsely imprisoned plaintiff Darron Marcelle by seizing, detaining, arresting and imprisoning him on a false criminal charge.

128. As a result of the foregoing, plaintiff Darron Marcelle was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

### COUNT SIXTEEN ON BEHALF OF DARRON MARCELLE
### COMMON LAW MALICIOUS PROSECUTION

129. Plaintiffs incorporate by reference paragraphs 1 through 128 of this Complaint as though the same were set forth fully herein.

130. Defendants Virgilio Estrada and The City of New York maliciously prosecuted plaintiff Darron Marcelle on false criminal charges of Criminal Possession of a Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

131. As a result of the criminal proceeding instituted by defendants Virgilia Estrada and The City of New York, plaintiff Darron Marcelle was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
October 23, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880